Samidh Guha
Estela Díaz
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY  10036
(212) 872-1000
(212) 872-1002
sguha@akingump.com
ediaz@akingump.com

*Attorneys for Starbucks Corporation*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARI SMITH,<br><br>                          Plaintiff,<br><br>            v.<br><br>STARBUCKS CORPORATION,<br><br>                          Defendant. | Civ. Action No. 13-CV-02732 (DLI)(JMA)<br><br>**DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Starbucks Corporation ("Starbucks") hereby answers the Complaint filed by Plaintiff Kari Smith as follows:

**PRELIMINARY STATEMENT**

1.      Starbucks denies the allegations in paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint constitutes, in part, a legal conclusion to which no response is required.  Starbucks denies the remaining allegations in paragraph 2 of the Complaint.

3.      Starbucks denies the allegations in paragraph 3 of the Complaint.

## **NATURE OF THE CLAIMS**

4.      Paragraph 4 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent that paragraph 4 of the Complaint purports to set forth any factual allegations, Starbucks denies the allegations in paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent that paragraph 5 of the Complaint purports to set forth any factual allegations, Starbucks denies the allegations in paragraph 5 of the Complaint.

6.      Starbucks denies the allegations in paragraph 6 of the Complaint.

## **JURISDICTION AND VENUE**

7.      Starbucks denies knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff is a resident of the State of New York.  Starbucks admits that it is a corporation with its headquarters in the State of Washington.  The remaining allegations in paragraph 7 of the Complaint constitute a legal conclusion to which no response is required.  To the extent that paragraph 7 of the Complaint purports to set forth any factual allegations, Starbucks denies the allegations in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent that paragraph 8 of the Complaint purports to set forth any factual allegations, Starbucks denies the allegations in paragraph 8 of the Complaint.

## **PROCEDURAL REQUIREMENTS**

9.      Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.      Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.     Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

**PARTIES**

12.     Starbucks is presently without knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff resides in Brooklyn, New York, and therefore denies it.  Starbucks admits that Ms. Smith worked in New York City.  The remaining allegations in paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent paragraph 12 of the Complaint purports to set forth any other factual allegations, Starbucks denies the allegations in paragraph 12 of the Complaint.

13.     Starbucks admits that it is a foreign business corporation organized and existing under the laws of the State of Washington with a principal place of business at 2401 Utah Avenue South, Seattle, Washington 98134.  Starbucks further admits that it owns and operates coffee shops comprising approximately 17,000 stores in 50 countries.  The remaining allegations in paragraph 13 of the Complaint constitute legal conclusions to which no response is required.  To the extent paragraph 13 of the Complaint purports to set forth any other factual allegations, Starbucks denies the allegations in paragraph 13 of the Complaint.

**FACTUAL ALLEGATIONS**

**Ms. Smith's Disability**

14.      Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

**Ms. Smith's Commencement of Employment at Starbucks**

18.     Starbucks admits the allegations in paragraph 18 of the Complaint.

19.     Starbucks admits the allegations in paragraph 19 of the Complaint.

20.     Starbucks admits that Ms. Smith was promoted to shift supervisor and that she received a raise.  Starbucks denies the remaining allegations in paragraph 20 of the Complaint.

21.     Starbucks denies the allegations in paragraph 21 of the Complaint.

22.     Starbucks denies knowledge or information sufficient to form a belief as to how easy it was for Ms. Smith to cope with Syncope while she was in Florida.  Starbucks denies the remaining allegations in paragraph 22 of the Complaint.

23.     Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.     Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Starbucks denies the allegations in paragraph 25 of the Complaint.

26.     Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     Starbucks admits that Ms. Smith transferred to New York in or around 2008 and that she was a shift supervisor at the Starbucks located at Atlantic Terminal in Brooklyn. Starbucks denies the remaining allegations in paragraph 27 of the Complaint.

**Disability Discrimination in New York**

28.     Starbucks denies the allegations in paragraph 28 of the Complaint.

29.     Starbucks denies the allegations in paragraph 29 of the Complaint.

30.     Starbucks admits the allegations in paragraph 30 of the Complaint.

31.     Starbucks denies the allegations in paragraph 31 of the Complaint.

32.     Starbucks denies the allegations in paragraph 32 of the Complaint.

33.     Starbucks denies the allegations in paragraph 33 of the Complaint.

34.     Starbucks denies the allegations in paragraph 34 of the Complaint.

35.     Starbucks denies the allegations in paragraph 35 of the Complaint.

**Sexual Harassment, Disability Discrimination and Retaliation**

36.     Starbucks is presently without knowledge or information sufficient to form a belief about whether Ms. Smith had knee surgery, and therefore denies it.  Starbucks admits that Ms. Smith took a leave of absence in early 2010.

37.     Starbucks admits that Ms. Smith transferred to the Cobble Hill store in 2010 and that Tone Connors became her manager after she arrived at the store.  Starbucks denies the remaining allegations in paragraph 37 of the Complaint.

38.     Starbucks denies the allegations in paragraph 38 of the Complaint.

39.     Starbucks denies the allegations in paragraph 39 of the Complaint.

40.     Starbucks denies the allegations in paragraph 40 of the Complaint.

41.     Starbucks denies the allegations in paragraph 41 of the Complaint.

42.     Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.     Starbucks denies the allegations in paragraph 43 of the Complaint.

44.     Starbucks denies the allegations in paragraph 44 of the Complaint.

45.     Starbucks denies the allegations in paragraph 45 of the Complaint.

46.     Starbucks denies the allegations in paragraph 46 of the Complaint.

47.     Starbucks denies the allegations in paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent that paragraph 48 of the Complaint purports to set forth any factual allegations, Starbucks denies the allegations in paragraph 48 of the Complaint.

49.     Starbucks denies the allegations in paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent that paragraph 50 of the Complaint purports to set forth any factual allegations, Starbucks denies the allegations in paragraph 50 of the Complaint.

51.     Starbucks denies the allegations in paragraph 51 of the Complaint.

52.     Starbucks admits that on some occasions Ms. Smith would arrive at work with bruises or other injuries.  Starbucks denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of the Complaint.

53.     Starbucks denies the allegations in paragraph 53 of the Complaint.

54.     Starbucks denies the allegations in paragraph 54 of the Complaint.

55.     Starbucks denies the allegations in paragraph 55 of the Complaint.

56.     Starbucks denies the allegations in paragraph 56 of the Complaint.

57.     Starbucks denies the allegations in paragraph 57 of the Complaint.

58.     Starbucks denies the allegations in paragraph 58 of the Complaint.

59.     Starbucks denies the allegations in paragraph 59 of the Complaint.

60.     Starbucks denies the allegations in paragraph 60 of the Complaint.

61.     Starbucks denies the allegations in paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint constitutes, in part, a legal conclusion to which no response is required.  Starbucks denies the remaining allegations in paragraph 62 of the Complaint.

63.     Starbucks denies the allegations in paragraph 63 of the Complaint.

64.     Starbucks denies the allegations in paragraph 64 of the Complaint.

65.     Starbucks denies the allegations in paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint constitutes, in part, a legal conclusion to which no response is required.  Starbucks denies the remaining allegations in paragraph 66 of the Complaint.

67.     Starbucks denies the allegations in paragraph 67 of the Complaint.

68.     Starbucks denies the allegations in paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint is incomplete.  To the extent that paragraph 69 of the Complaint purports to set forth any factual allegations, Starbucks denies the allegations in paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint constitutes, in part, a legal conclusion to which no response is required.  Starbucks denies the remaining allegations in paragraph 70 of the Complaint.

71.     Starbucks denies the allegations in paragraph 71 of the Complaint.

72.     Starbucks admits that Ms. Smith took a leave of absence in August 2012 due to a back injury.  Starbucks denies knowledge or information sufficient to form a belief as to whether the injury was caused by a Syncope episode.  Starbucks denies the remaining allegations in paragraph 72 of the Complaint.

73.     Starbucks denies the allegations in paragraph 73 of the Complaint.

74.     Starbucks denies the allegations in paragraph 74 of the Complaint.

**Unlawful Termination of Ms. Smith's Employment**

75.     Starbucks avers that Ms. Smith was approved for disability leave commencing on November 30, 2012 and that she received disability benefits while on leave.  Starbucks is presently without knowledge or information sufficient to form a belief about whether Ms. Smith suffered a serious Syncope episode for which she had to be hospitalized, and therefore denies it. Starbucks denies the remaining allegations in paragraph 75 of the Complaint.

76.     Starbucks is presently without knowledge or information sufficient to form a belief about the allegations in paragraph 76 of the Complaint, and therefore denies them.

77.     Starbucks is presently without knowledge or information sufficient to form a belief about the allegations in paragraph 77 of the Complaint, and therefore denies them.

78.     Starbucks is presently without knowledge or information sufficient to form a belief about the allegations in paragraph 78 of the Complaint, and therefore denies them.

79.     Starbucks admits that Ms. Smith's disability leave was extended.  Starbucks denies knowledge or information sufficient to form a belief as to why Ms. Smith did not contact Starbucks with respect to a further extension of her leave.  Starbucks denies the remaining allegations in paragraph 79 of the Complaint.

80.     Starbucks denies the allegations in paragraph 80 of the Compliant.

81.     Starbucks admits that Ms. Smith used the fax machine at the Smith Street store. Starbucks denies knowledge or information sufficient to form a belief as to the documents that Ms. Smith faxed.  Starbucks denies the remaining allegations in paragraph 81 of the Complaint.

82.     Starbucks admits that Ms. Smith went to the Smith Street store on April 5, 2013. Starbucks further avers that Ms. Bayles informed Ms. Smith that she was separated from Starbucks because she was on an unapproved leave of absence.  Starbucks denies the remaining allegations in paragraph 82.

83.     Starbucks denies the allegations in paragraph 83 of the Complaint.

84.     Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85.     Starbucks admits that Ms. Smith called the Starbucks Leave Administration. Starbucks denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 of the Complaint.

86.     Starbucks denies the allegations in paragraph 86 of the Complaint.

87.     Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88.     Starbucks denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.

89.     Starbucks denies the allegations in paragraph 89 of the Complaint.

90.     Starbucks denies the allegations in paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent that paragraph 91 of the Complaint purports to set forth any factual allegations, Starbucks denies the allegations in paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent that paragraph 92 of the Complaint purports to set forth any factual allegations, Starbucks denies the allegations in paragraph 92 of the Complaint.

## FIRST CAUSE OF ACTION
**(Gender and Disability Discrimination Under New York State Human Rights Law)**

93.    Starbucks admits and denies the allegations in paragraphs 1 to 92 of the
Complaint as set forth above.

94.    Starbucks denies the allegations contained in paragraph 94 of the Complaint.

95.    Paragraph 95 of the Complaint constitutes a legal conclusion to which no
response is required.  To the extent that paragraph 95 of the Complaint purports to set forth any
factual allegations, Starbucks denies the allegations in paragraph 95 of the Complaint.

96.    Paragraph 96 of the Complaint constitutes a legal conclusion to which no
response is required.  To the extent that paragraph 96 of the Complaint purports to set forth any
factual allegations, Starbucks denies the allegations in paragraph 96 of the Complaint.

97.    Starbucks denies the allegations contained in paragraph 97 of the Complaint.

98.    Starbucks denies the allegations contained in paragraph 98 of the Complaint.

99.    Starbucks denies the allegations contained in paragraph 99 of the Complaint.

## SECOND CAUSE OF ACTION
**(Retaliation in Violation of the New York State Human Rights Law)**

100.    Starbucks admits and denies the allegations in paragraphs 1 to 99 of the
Complaint as set forth above.

101.    Starbucks denies the allegations contained in paragraph 101 of the Complaint.

102.    Starbucks denies the allegations contained in paragraph 102 of the Complaint.

103.    Starbucks denies the allegations contained in paragraph 103 of the Complaint.

## THIRD CAUSE OF ACTION
**(Gender and Disability Discrimination Under the New York City Human Rights Law)**

104.    Starbucks admits and denies the allegations in paragraphs 1 to 103 of the
Complaint as set forth above.

105.    Starbucks denies the allegations contained in paragraph 101 of the Complaint.

106.    Paragraph 106 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent that paragraph 106 of the Complaint purports to set forth any factual allegations, Starbucks denies the allegations in paragraph 106 of the Complaint.

107.    Paragraph 107 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent that paragraph 107 of the Complaint purports to set forth any factual allegations, Starbucks denies the allegations in paragraph 107 of the Complaint.

108.    Starbucks denies the allegations contained in paragraph 108 of the Complaint.

109.    Starbucks denies the allegations contained in paragraph 109 of the Complaint.

110.    Starbucks denies the allegations contained in paragraph 110 of the Complaint.

## FOURTH CAUSE OF ACTION
(Retaliation in Violation of the New York City Human Rights Law)

111.    Starbucks admits and denies the allegations in paragraphs 1 to 110 of the Complaint as set forth above.

112.    Starbucks denies the allegations contained in paragraph 112 of the Complaint.

113.    Starbucks denies the allegations contained in paragraph 113 of the Complaint.

114.    Starbucks denies the allegations contained in paragraph 114 of the Complaint.

## PRAYER FOR RELIEF

Starbucks denies that Plaintiff is entitled to the requested relief.  Further, and without admitting any of the allegations asserted therein or conceding that Starbucks bears any burden of proof on any issue on which Starbucks would not otherwise bear such burden, Starbucks asserts the following defenses to the Complaint.  Starbucks reserves the right to add, alter and/or amend its defenses and affirmative defenses as the course of discovery so requires.

**FIRST DEFENSE**
(Failure To State A Cause Of Action)

The Complaint, and each purported cause of action contained therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action against Starbucks.

**SECOND DEFENSE**
(Statute Of Limitations)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff is seeking relief for conduct occurring outside the applicable statute of limitations.

**THIRD DEFENSE**
(Waiver)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff by her actions has waived her right to recovery.

**FOURTH DEFENSE**
(Failure To Exhaust Administrative Remedies)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff failed to exhaust her administrative remedies and has therefore failed to satisfy the jurisdictional prerequisites for asserting these claims.

**FOURTH DEFENSE**
(Failure To Comply with Administrative Processes)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff failed to comply with applicable administrative procedures.

**FIFTH DEFENSE**
(After-Acquired Evidence)

The Complaint, and each purported cause of action contained therein, is barred by the after-acquired evidence doctrine.

**SIXTH DEFENSE**
(Failure To Mitigate)

Plaintiff has failed to mitigate her damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

**SEVENTH DEFENSE**
(No Declaratory or Other Relief)

The Complaint, and each purported cause of action stated therein, fails to allege facts that entitle Plaintiff to declaratory relief, the costs and expenses of this action, attorney's fees, or the compensatory or other damages requested in the Complaint.

**EIGHTH DEFENSE**
(No Punitive Damages)

The Complaint, and each purported cause of action stated therein, fails to allege facts sufficient to allow recovery of punitive or exemplary damages from Starbucks.  Starbucks at all times acted in good faith and with reasonable grounds for believing it had not violated the New York City Human Rights Laws, and its actions were not willful.  Such damages are also barred to the extent they are unconstitutional.

**NINTH DEFENSE**
(Reasonably Avoidable Consequences)

The Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiff is seeking to recover damages for alleged injuries that Plaintiff could reasonably have avoided through Starbucks' prevention and correction policies or practices.  The Complaint is also barred because Starbucks used reasonable care to prevent and/or correct any alleged misconduct or injuries.

**TENTH DEFENSE**
(Legitimate Non-discriminatory/retaliatory Actions)

Plaintiff is barred from relief because all of Starbucks' or its agents' actions towards Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons.

**ELEVENTH DEFENSE**
(Estoppel)

Plaintiff is barred from relief to the extent the Complaint, and each purported cause of action contained therein, concerns the actions of Starbucks or its agents that were a result of conduct by Plaintiff for which she cannot equitably seek recovery from Starbucks.

**TWELFTH DEFENSE**
(Unclean Hands)

Plaintiff is barred from relief to the extent she is guilty of inequitable or improper conduct in connection with the matters alleged in the Complaint.

## THIRTEENTH DEFENSE
(Good Faith)

Plaintiff is barred from relief because Starbucks and its agents acted in good faith at all times and had reasonable grounds to believe that no violation of any applicable law, statute, and/or regulation occurred.

## FOURTEENTH DEFENSE
(Compliance with Statute)

Plaintiff is barred from relief because Starbucks at all times complied and/or substantially complied with all applicable statutes, regulations, and laws.

## FIFTEENTH DEFENSE
(Outside the Scope of Employment)

Plaintiff is barred from relief to the extent that the acts alleged in the Complaint, although such is not admitted herein or hereby, were committed outside the scope of employment and not by agents of Starbucks and, therefore, Starbucks is not liable for such acts.

## SIXTEENTH DEFENSE
(Undue Hardship)

Plaintiff is barred from relief to the extent an accommodation of her alleged disability would have caused an undue hardship on Starbucks' operations.

## SEVENTEENTH DEFENSE
(No Request for Accommodation)

The Complaint, and each purported cause of action stated therein, is barred to the extent Plaintiff did not request accommodation for her alleged disability.

## EIGHTEENTH DEFENSE
(Bona Fide Occupational Qualification)

Plaintiff is barred from relief to the extent any actions taken with respect to Plaintiff were based upon bona fide occupational qualifications.

## NINETEENTH DEFENSE
(Inability to Perform Essential Job Functions)

Plaintiff is barred from relief to the extent she could not perform the essential functions of her employment, even with reasonable accommodation.

## TWENTIETH DEFENSE
(Threat to Health or Safety)

Plaintiff is barred from relief to the extent she could not perform the essential functions of her employment in a manner that would not endanger her health or safety, or the health or safety of others, even with reasonable accommodation.

## TWENTY-FIRST DEFENSE
(Business Necessity)

Plaintiff is barred from relief to the extent any of Starbucks' challenged policies and practices are facially neutral and the result of business necessity.

## TWENTY-SECOND DEFENSE
(Requested Accommodation Unreasonable)

Plaintiff is barred from relief to the extent any requested accommodation for her alleged disability was unreasonable.

## RESERVATION OF RIGHTS

Starbucks reserves the right to add additional defenses as they become known during the course of this litigation.

WHEREFORE, Starbucks prays for judgment as follows:

1.      That Plaintiff take nothing by the Complaint;

2.      That the Complaint be dismissed with prejudice;

3.      For judgment in favor of Starbucks;

4.      For attorneys' fees and costs of suit herein; and

5.      For such other and further relief as the Court may deem proper and just.

Dated:  New York, New York
        June 4, 2013

                                        AKIN GUMP STRAUSS HAUER & FELD LLP


                        By:     /s/ Estela Díaz
                                Estela Díaz

                                *Attorneys for Starbucks Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 4, 2013, I caused to be served via the Court's Electronic Case Filing system a true and correct copy of <u>Defendant Starbucks Corporation's Answer to Plaintiff's Complaint</u> on plaintiff's counsel:

Douglas H. Wigdor
David E. Gottlieb
Thompson Wigdor LLP
85 Fifth Avenue
New York, NY 10003
Email: dwigdor@thompsonwigdor.com
          dgottlieb@twglaw.com

Dated:   June 4, 2013
              New York, New York


_____/s/ Estela Díaz_____
Estela Díaz